J-A01029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TREMAYNE STYER | : | |
| | : | |
| Appellant | : | No. 2128 EDA 2023 |

Appeal from the PCRA Order Entered November 29, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000318-2019

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:                **FILED FEBRUARY 21, 2024**

Tremayne Styer appeals from the judgment of sentence imposed following his convictions for persons not to possess a firearm and firearms not to be carried without a license.[1] Styer's counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and a petition to withdraw as counsel. We grant counsel's petition to withdraw and affirm the judgment of sentence.

The facts of this case were aptly summarized by a previous panel of this court in our Memorandum Opinion filed in this case on July 13, 2021:

> On December 5, 2018, a confidential informant working with Chester County Multijurisdictional Drug Task Force arranged to purchase $80 of crack cocaine from Ahmad Boggs. The informant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1) and 6106(a)(1), respectively.

and Boggs met in the parking lot of a convenience store in Thorndale, Pennsylvania, and the informant entered the rear seat of a Black Cadillac SUV to complete the purchase. After the informant stepped out of the vehicle, officers converged and ordered the three occupants of the SUV to exit. Appellant exited from the driver's seat of the vehicle, and he was handcuffed by a police officer. While patting Appellant down, the officer discovered a loaded 9 millimeter handgun in Appellant's left jacket pocket.

*Commonwealth v. Styer*, 932 EDA 2020 (Pa. Super. filed July 23, 2021).

Appellant filed an omnibus pretrial motion seeking suppression of evidence obtained from the search conducted at the time of his arrest. The trial court denied that motion. On January 6, 2020, after a stipulated bench trial, Appellant was found guilty of the above-listed offenses. On February 20, 2020, Appellant was sentenced to 7 ½ to 14 years' imprisonment on persons not to possess a firearm and 3 ½ to 7 years' imprisonment on firearms not to be carried without a license, to be ran concurrently. Appellant filed a timely appeal on March 19, 2020.

In his first direct appeal to this Court, Appellant raised two issues. First, Appellant claimed the trial court erred in denying his omnibus pretrial motion to suppress. Second, Appellant alleged that his sentence was illegal on the count of persons not to possess a firearm as the minimum sentence exceeded half of the maximum sentence. We affirmed the trial court in part, finding that the trial court correctly denied the Appellant's omnibus pretrial motion, but reversed and remanded for resentencing as the sentence on persons not to possess a firearm was an illegal sentence. *See Commonwealth v. Styer*, 932 EDA 2020 (Pa. Super. filed July 23, 2021).

On September 10, 2021, a hearing was held on Appellant's August 5, 2021 *Pro Se* correspondence requesting to represent himself. After filling out a waiver of counsel colloquy, a verbal colloquy was held on the record. The trial court found that Appellant knowingly, voluntarily, and intelligently waived his right to be represented by counsel. Pursuant to this Court's order, the trial court sentenced Appellant on November 29, 2021, to 8 ½ to 17 years' imprisonment on persons not to possess a firearm and a concurrent 3 ½ to 7 years' imprisonment on firearms not to be carried without a license. No post-sentence motion nor appeal was filed.

On August 4, 2022, Appellant filed a Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, petition. Counsel was appointed to represent Appellant. On February 14, 2023, Appellant and the Commonwealth agreed to reinstate Appellant's direct appeal rights. A stipulated order was issued by the trial court on that date giving Appellant 30 days to file a Notice of Appeal. No such Notice was filed. On August 9, 2023, Appellant, through counsel, filed a *Nunc Pro Tunc* Motion for Reinstatement of Appellant Rights.[2] On August 10,

---

[2] This Motion should have been treated as a PCRA Petition, as "the PCRA provides the sole means for obtaining collateral review, and … any petition filed after judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) (internal citations and quotation marks omitted). As the trial court granted the Motion, and a Notice of Appeal was then filed timely, we can consider the merits of this appeal.

2023, the trial court granted this Motion. On August 14, 2023, Appellant filed a Notice of Appeal.

On August 22, 2023, the trial court ordered Appellant to file a Rule 1925(b) Statement of Errors. Appointed counsel timely filed a Statement of Intent to File **Anders/McClendon** Brief.[3]  On appeal, counsel has filed an **Anders** Brief, addressing two claims. First, Appellant's claim that the trial court abused its discretion in the sentence it imposed on November 29, 2021. Second, Appellant's assertion that the trial court erred in denying his omnibus pretrial suppression motion. Counsel also filed a petition to withdraw as counsel with this Court on October 27, 2023. Appellant filed neither a *pro se* brief, nor retained alternate counsel.

Before we may review the merits of Appellant's claims, we must first examine counsel's request to withdraw to see if he complied with the dictates of **Anders** and its progeny. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel's request to withdraw on the basis that the appeal is frivolous must:

> Petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguable might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right

---

[3] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

- 4 -

> to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

*Id*. (quoting **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005)).

The Pennsylvania Supreme Court expanded upon these requirements in

**Commonwealth v. Santiago**:

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguable supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the dictates of **Anders** and its progeny. First, counsel indicated that he examined the record and determined that the appeal would be frivolous. Next, counsel filed a brief that does not resemble a "no-merit" letter nor *amicus curiae* brief. Finally, counsel sent a letter to the Appellant on October 27, 2023 with a copy of his brief and advised Appellant that he has the right to retain new counsel, or proceed *pro se* and raise any additional points that he deems worthy of the court's attention. **See** Appellant's Brief, at Exhibit C. We must note that no correspondence has been received from Appellant.

As counsel has complied with the dictates of **Anders** and its progeny, we will now independently review the record to determine whether Appellant's

appeal is in fact frivolous. ***See Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004) ("Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous.").

First, Appellant challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentence are not appealable as of right. ***See Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004). One challenging the discretionary aspects of sentencing must petition for allowance of appeal. There is a four-part test that must be met:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa. Super. 2006).

Initially, we must note that counsel did not include a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Generally, this would result in waiver of the issue. However, as counsel filed an ***Anders*** brief, we will review the issue to determine if it is wholly frivolous. **See *Commonwealth v. Hernandez***, 783 A.2d 784, 787 (Pa. Super. 2001) (holding that ***Anders*** requires the Court to review issues that would normally be waived on appeal).

At the time of Appellant's sentencing hearing on November 29, 2021, Appellant was *pro se*. At the hearing, he did not preserve any challenge to the discretionary aspects of sentencing. Appellant did not file a post-sentence motion. As such, Appellant waived his challenge to the discretionary aspects of his sentence and counsel is correct that challenging this issue now is wholly frivolous. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (noting that arguing a waived issue on direct appeal is frivolous).

Finally, Appellant challenges the denial of his omnibus pretrial motion seeking suppression of evidence. The law of the case doctrine controls this claim: "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court." **Commonwealth v. Viglione**, 842 A.2d 454, 462 (Pa. Super. 2004). On Appellant's last appeal to this Court, we held that the trial court properly denied the omnibus pretrial motion to suppress. **See Commonwealth v. Styer**, 932 EDA 2020 (Pa. Super. filed July 23, 2021).

As we cannot find any additional meritorious issues in the certified record, and we agree with counsel that Appellant's appeal is frivolous, we affirm the judgment of sentence and grant his petition to withdraw as counsel.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  2/21/2024